IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gudrun Rice

Criminal Action No. 05-mj-00719-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEOFFREY A. HOGAN,

    Defendant.

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

---

This matter came on for a trial to the Court and hearing on Defendant's Motion to Suppress on July 20, 2006. The Defendant appeared in person and without counsel. The Government was represented by Wyatt Angelo, Assistant United States Attorney.

The Defendant requested a continuance of the trial, in order to obtain counsel. The Court finds that the Defendant repeatedly failed to secure counsel of his choice through dilatory conduct, and further finds that the Defendant failed to complete a financial affidavit or request court-appointed counsel. The request to continue the trial date for the purpose of securing counsel is denied and the Defendant is found to have constructively waived his right to counsel, based on the following:

The Defendant was summoned to appear before the United States District Court in Grand Junction, Colorado on August 16, 2005. The Defendant did not appear and

consequently the Defendant was sent a notice by the Court requiring him to appear on September 20, 2005.

On August 17, 2005 Stephen Laiche entered his appearance on behalf of the Defendant.

On motion of his attorney the appearance of the Defendant was waived at the initial appearance on September 20, 2005. Hearing on the Defendant's Motion to Suppress was scheduled for November 15, 2005 at 2:30 p.m.

On October 5, 2005 the Government filed an Information charging the Defendant with driving a vehicle under the influence of intoxicants, in violation of 43 C.F.R. 8365.1-7(a).

The Defendant was unable to travel from his home in Lasalle, Colorado to Grand Junction, Colorado for the hearing on the Motion to Suppress on November 15, 2005 due to inclement weather. Counsel for the Defendant on November 15, 2005 requested a continuance. Hearing on Defendant's Motion to Suppress was rescheduled to January 10, 2006 at 2:00 p.m.

The Defendant appeared in the United States District Court on January 10, 2006. The Defendant was advised of the charge set forth in the Information. The Defendant entered a plea of not guilty to the charge, consented to the jurisdiction of the Magistrate Judge and waived trial by jury with the consent of the Government. The matter was set for hearing on the Motion to Suppress and trial to the Court on April 28, 2006.

On April 28, 2006 the Defendant appeared as did Mr. Laiche. The Court granted

Mr. Laiche's Motion to Withdraw and granted the Defendant's request for a continuance in order to obtain counsel.

The Government tendered an Amended Information. The Defendant was advised of the Amended Information, the possible penalties and his rights, including the right to court-appointed counsel.

The Defendant was directed to have his new attorney enter an appearance by May 19, 2006. The matter was set for a telephonic status conference on May 23, 2006.

The matter came on for a telephonic status conference on May 23, 2006. The Defendant appeared without counsel and requested additional time to obtain counsel. The Defendant was again advised of his right to court-appointed counsel and was sent a financial affidavit to complete and return to the Court by June 2, 2006.

The matter came on for telephonic status conference on June 6, 2006. The Defendant appeared without counsel. The Defendant advised the Court that he had not obtained counsel and had not completed the financial affidavit. The Court directed the Defendant to complete and return the financial affidavit to the Court by June 9, 2006 if he sought court-appointed counsel. The Court advised the Defendant that failure to complete and return the financial affidavit by June 9, 2006 would be considered a waiver of the right to request court-appointed counsel.

The matter was set for trial to the Court on July 20, 2006.

The Defendant appeared on July 20, 2006 without counsel. The Defendant advised the Court that he did not want court-appointed counsel, although he did request additional

time to obtain counsel of his choice.

The Court accordingly finds that the Defendant, by failing to timely obtain counsel and by failing to request appointment of counsel, has constructively waived the right to counsel.

Trial proceeded therefor on July 20, 2006.

After hearing the testimony of Rangers Bensusan and Robinson, the Court finds that the Government has established beyond a reasonable doubt that:

On May 28, 2005 in the State and District of Colorado,

Upon lands administered by the United States Department of the Interior Bureau of Land Management, namely the National Sand Hills Recreation Area, the Defendant Geoffrey A. Hogan did drive a vehicle while impaired by alcohol, in violation of 43 C.F.R. § 8365.1-7(a) and C.R.S. § 42-4-1301(1)(b).

The Court finds the Defendant guilty of driving while ability impaired, a lesser included offense of the charged offense of driving under the influence of alcohol. The Government has established that the Defendant drove a vehicle after he had consumed alcohol which affected the Defendant to the slightest degree so that the Defendant was less able than he ordinarily would have been, either mentally or physically, to exercise clear judgment, sufficient physical control or due care in the safe operation of a vehicle.

The finding is based on the following:

The Defendant, on May 28, 2005, after dark, drove an ATV through a campground, with a passenger seated behind him, at a speed well over the posted speed of 10 miles

an hour and at such a speed as to cause the two BLM Rangers patrolling the campground to jump and move quickly out of the way as the Defendant traveled down the campground road.

The Defendant on May 28, 2005 seemed "out of balance, clumsy and unsteady" in the words of Ranger Bensusan, as he got off the ATV upon his return to his campsite.

The Defendant was observed by Ranger Robinson to be walking unsteadily from the ATV to his vehicle when he went to retrieve his license. The Defendant fumbled through his wallet looking for his license, which license was readily apparent to Ranger Robinson who was observing the Defendant.

Ranger Robinson observed that the Defendant had pinkish, bloodshot, watery eyes. The Ranger smelt the odor of alcohol on the Defendant. The Ranger testified that he believed these to be physical signs of alcohol use.

Ranger Robinson asked the Defendant to voluntarily submit to several field sobriety tests to test the Defendant's ability to perform physical maneuvers while his attention was divided. The Defendant was asked to follow certain verbal instructions and do physical acts.

The Defendant was not able to successfully complete a walk and turn test without raising his arms for balance.

The Defendant was not able to successfully complete a one-legged stand for the appropriate time.

The Defendant's poor balance, unsteadiness on his feet, slurred speech and lack

of complete control over his overall body positions caused Ranger Robinson to believe that the Defendant was not exercising good judgment in the operation of his ATV.

Ranger Robinson testified that the Defendant admitted to having had a "12 pack".

The testimony of Ranger Robinson and Ranger Bensusan is found to be credible.

The Defendant was not placed under arrest or in custody at any point during the above described contacts with the law enforcement rangers. Based on the above findings, Defendant's Motion to Suppress is denied.

Based on the findings set forth above, the Defendant is found guilty of the lesser included offense of driving while ability impaired in violation of C.R.S. § 42-4-1301(1)(b).

The Defendant shall make contact with the U.S. Probation Department for scheduling of a pre-sentence investigation interview.

Sentencing is scheduled for October 31, 2006 at 1:00 p.m.

If the Defendant desires to appeal, a notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of a notice of the Government's notice of appeal or the right to appeal will be lost. If the Defendant is unable to afford an attorney for an appeal, the Court will appoint one to represent the Defendant. If the Defendant so requests, the clerk of the court must immediately prepare and file a notice of appeal on behalf of the Defendant.

Dated this 2nd day of August, 2006.

BY THE COURT:

s/Gudrun Rice

_____
Gudrun Rice
United States Magistrate Judge